On June 25th, 1931, complainant went to the Steneck Trust Company with a check to her order drawn by the *Page 26 
Metropolitan Life Insurance Company on the Chase National Bank of New York. She asked the officials of the bank to cash the check for her but was told they would not cash it for her but would take it for collection only and that she should come back in a few days to receive the money. Before the check had been collected, the Steneck Trust Company was closed by the commissioner of banking and insurance. In fact, collection of the check was delayed until October. At the time the check was delivered for collection to the Steneck Trust Company, complainant had a passbook which was in possession of the trust company and on June 26th, 1931, an officer of the trust company entered the amount of the check in the passbook. This was done without the knowledge of complainant and the trust company's officials testified that it was done as a matter of convenience and that complainant at that time had no right to draw against the credit.
This suit was brought by complainant for a decree directing the payment to her of the amount of the check.
In my opinion complainant is entitled to the relief prayed for. The facts come within the provision under chapter 270 of the laws of 1929, which provide that where an item is received for collection the bank of deposit shall be agent for the depositor and for its collection, and further that where an agent collecting bank shall fail or be closed for business without such item having been paid or remitted for either in money or by conditional credit given on its books, the assets of such agent collecting bank shall be impressed with a trust in favor of the owner of such item. It will be noted from the foregoing statement of facts that the Steneck Trust Company expressly took the check in question for collection only, and that at the time of the closing of the Steneck Trust Company the proceeds had not been received by the trust company and accordingly had not been mingled away with its funds at the time of its closing. Complainant's rights are not affected by the entry in her passbook of the credit without her knowledge, which the trust company's officials admitted did not actually create a credit for her.
 A decree directing payment to complainant will be advised. *Page 27